UNITED STATES BANKRUPTCY COURT
FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re:<br><br>Abraham Ryan<br><br>Debtor. | Chapter 7<br>Case No. 11-13543-JNF |

**MOTION BY CHAPTER 7 TRUSTEE TO DISMISS CASE**
**PURSUANT TO 11 U.S.C. §§ 521(e)(2)(B) and 707(a)**

Joseph G. Butler, the chapter 7 trustee (the "Trustee") in the above referenced chapter 7 proceeding, that the court dismiss the above-captioned voluntary case pursuant to 11 U.S.C. §§ 521(e)(2)(B) and 707(a). In support of his motion the Trustee states the following:

1. On April 19, 2011, an involuntary petition against Abraham Ryan (the "Debtor") seeking relief under Chapter 7 of the United States Bankruptcy Code (11 U.S.C. §§101, et. seq.) (the "Bankruptcy Code").

2. On April 19, 2011, the Court issued a summons with respect to the involuntary petition. On May 16, 2011, the petition creditor filed a return of the summons indicating that it had been served on the Debtor on May 10, 2011. On June 14, 2011, in the absence of any response by the Debtor, the Court entered an order for relief.

3. On June 15, 2011, the Court entered an order that the Debtor file schedules, a statement of financial affairs and other documents by June 29, 2011.

4. On June 16, 2011, Joseph G. Butler was appointed as the Chapter 7 trustee.

5. The Meeting of Creditors pursuant to Rule 2003(a) of the Federal Rules of Bankruptcy Procedure was scheduled for July 14, 2011.

6. Section 521(a)(1)(iv) of the Bankruptcy Code, provides that "the debtor shall…file…copies

of all payment advices or other evidence of payment received within 60 days before the date of the filing of the petition by the debtor from any employer of the debtor."

7. MLBR 1007(c) (1) provides:

> In satisfaction of the requirements of 11 U.S.C. §521 and Fed. R. Bankr. P. 1007, the debtor shall:
>
> (1 ) At least seven (7) days before the §341 meeting, provide to the trustee copies of all payment advices or other evidence of payment from all employers, with all but the last four (4) digits of the debtor's social security number redacted. The payment advices shall not be filed with the Court unless otherwise ordered. Payment advices shall include all evidence of payment of any income from all employers the debtor received during the sixty (60) days prior to the filing of the petition.

8. Section 521(e)(2)(A)(i) of the Bankruptcy Code provides that the debtor shall provide: not later than 7 days before the date first set for the first meeting of creditors, to the trustee a copy of the Federal income tax return required under applicable law (or at the election of the debtor, a transcript of such return) for the most recent tax year ending immediately before the commencement of the case and for which a Federal income tax return was filed.

9. Section 521(e)(2)(B) of the Bankruptcy Code provides that:

> If the debtor fails to comply with clause (i) or (ii) of subparagraph (A), the Court shall dismiss the case unless the debtor demonstrates that the failure to so comply is due to circumstances beyond the control of the debtor.

10. The Debtor failed to appear at the scheduled meeting of creditors on July 14, 2011.

11. The Trustee has continued the meeting of creditors to August 30, 2011.

12. The Debtor has failed to provide the Trustee with tax returns as required by §521 of the Bankruptcy Code and payment advices as required by MLBR 1007.

13. The Debtor has failed to file schedules and a statement of financial affairs and has otherwise failed to comply with the Court's June 15, 2011 order.

14. The Trustee moves for dismissal of this chapter 7 case for cause pursuant to 11 U.S.C. §§ 521(e)(2)(B) and 707(a).

15. As evidence of the cause required for dismissal, the Trustee states that the Debtor has failed to appear at both the initially scheduled meeting of creditors, failed to provide the Trustee with a tax return and payment advices, failed to file schedules and a statement of financial affairs and failed to comply with the Court's June 15, 2011 order.

WHEREFORE the Trustee requests that the court dismiss the above-captioned chapter 7 bankruptcy case pursuant to 11 U.S.C. §§ 521(e)(2)(B) and 707(a).

Joseph G. Butler, Chapter 7 Trustee
of the estate of Abraham Ryan
By his attorneys,

BARRON & STADFELD, P.C.

July 26, 2011

/s/ Joseph G. Butler

Joseph G. Butler, BBO#544284
100 Cambridge Street
Boston, MA 02114
(617) 723-9800

UNITED STATES BANKRUPTCY COURT
FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re:<br>Abraham Ryan<br><br>Debtor. | Chapter 7<br>Case No. 11-13543-JNF |

**CERTIFICATE OF SERVICE**

I, Joseph G. Butler, of Barron & Stadfeld, P.C., do hereby certify that July 21, 2011, I served the attached Motion by Chapter 7 Trustee to Dismiss Case Pursuant to 11 U.S.C. §707(a) on the parties on the attached service list by mailing a copy of the same by first class mail, postage prepaid or as otherwise indicated on the service list.

Signed under the penalties of perjury, July 26, 2011.

/s/ Joseph G. Butler

Joseph G. Butler

Service List
Abraham Ryan
Chapter 7, Case No. 11-1353-JNF

VIA ECF

- Amy N Azza bankruptcy@orlansmoran.com;anhsom@gmail.com;anhsom@earthlink.net
- John Fitzgerald USTPRegion01.BO.ECF@USDOJ.GOV

Via First Class Mail

Helen Cameron
PO Box 260672
Boston, MA 02126

Abraham Ryan
98 Topliff St.
Dorchester, MA 02122

Internal Revenue Service
PO Box 7346
Philadelphia, PA 19101-7346

Mass Dept Of Revenue
Bankruptcy Unit
PO Box 9564
Boston, MA 02114-9564